In the Matter of the Claim of PETER A. CLARKE, Respondent, against ROCHESTER FOLDING BOX Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compen-

sation Board. Claimant's heavy work on a machine cutting corrugated paper subjected him to strains which produced a series of hernias. One was in 1930, which was repaired surgically and for which no compensation claim was made. One was in 1947, which was repaired at the site of the previous repair. In 1949, claimant experienced further strains and on May 2, 1949, diagnosis was made of a further hernia at the site of previous repair which was again corrected surgically on April 30, 1951. On March 5, 1952, claimant was found to have a recurrence of hernia. During all these periods claimant worked for the same employer but there were different carriers covering the employer. The board has found of the recurring hernias that " each was an occupational disease " and found that at the times of disablement in May, 1949, and in March, 1952, the employer was insured by the American Mutual Liability Insurance Company, beginning May 1, 1949. This company argues that the earlier hernias were the cause of disability and not an occupational disease incurred while this company was on the risk. The board could, however, have found from the frequent recurrences of hernia sustained in series after surgical repair, that all of them, both before and while appellant was on the risk, were part of an occupational disease. It found this as a matter of fact and its finding has the support of substantial evidence. The date of disablement is the crucial date on responsibility for benefits for occupational disease; and when employment continues with the same employer the carrier at the time of disablement is responsible. (*Matter of Lane* v. *Daystrom Corp.*, 276 App. Div. 247.) Appellant was properly charged with the disablement of 1949, and that of 1952, while it was on the risk and no apportionment against the carrier responsible for the earlier disablements is required on the record. Award unanimously affirmed, with costs to the respondent, American Lumbermens' Mutual Insurance Company. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.